IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV854-GCM

| | |
|---|---|
| THOMAS REIKOWSKI, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>INTERNATIONAL INNOVATION COMPOMY )<br>USA, INC. d/b/a VACU VIN INTERNATIONAL, )<br>PATRICK B.J. SCHNEIDER, and LINDA INMAN )<br>)<br>    Defendants. )<br>_____) | ORDER |

This matter is before the Court upon the Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. No. 4], Plaintiff's response, [Doc. No. 8] and Defendants' reply [Doc. No. 10]. For the reasons stated herein, Defendants' Motion is GRANTED in part and denied in part. Defendants' Motion to Dismiss Plaintiff's Second, Fifth and Sixth claims for relief is GRANTED and those claims are dismissed. Defendants' Motion to dismiss all Plaintiff's claims as to Defendant Schneider due to insufficient service of process is denied as premature.

**I. LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When deciding a 12(b)(6) motion to dismiss, a court must "accept as true all factual allegations" presented in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 589 (2007). In order to survive a 12(b)(6) motion to dismiss, the plaintiff's complaint must contain more than mere legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face."

1

*Twombly*, 550 U.S. 544, 570 (2007). The claim is facially plausible when the factual content of the complaint allows the court to "draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, if a complaint establishes a sufficient legal and factual basis for the claims asserted the motion to dismiss will be denied. However, a claim will not survive Rule 12(b)(6) review where it only contains "naked assertion[s] devoid of further factual enhancement." *Bell*, 550 U.S. at 555.

## II. ANALYSIS

### A. Improper Service of Process

Defendant moved to dismiss all of the Plaintiff's claims against Defendant Schneider pursuant to Rule 12(b)(5) for improper service of process. However, in its reply brief, Defendant concedes that its motion to dismiss for improper service is premature. [Doc. No. 10 at 10]. Therefore, the Court will deny this portion of Defendants' motion as premature.

### B. Plaintiff's Section 1985 Claim

Plaintiff alleges that Defendant Schneider and Defendant Inman "conspired to deny Plaintiff equal protection under the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1985." [Doc. No. 1-1 ¶ 102]. Plaintiff contends that his section 1985 claim is separate and distinct from, and in the alternative to, his ADEA claim. [Doc. No. 8 at 12].

In order to state a conspiracy claim under 42 U.S.C. § 1985, a party must plead (1) a conspiracy of two or more persons (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). "The language [of Section 1985] requiring intent to deprive of equal

protection, or equal privileges and immunities, means that there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.*

Even when Plaintiff's Complaint is read most generously, it does not allege that he is a member of any class entitled to protection under Section 1985(3). Instead, all of Plaintiff's allegations regarding the individual defendants speak to an alleged bias against Plaintiff based on his age, something that based on Plaintiff's own admission, does not form the basis for his Section 1985(3) claim. Plaintiff has failed to identify any "racial or perhaps otherwise class-based, invidiously discriminatory animus" under § 1985(3) that motivated the alleged conspiracy. Plaintiff does allege that the individual defendants conspired to "establish pretext to justify termination of [his] employment," however he provides no details regarding how this conduct was based on race or some other class-based discrimination protection by § 1985(3). While he states that his claim in not based on age discrimination, he points to age-based comments from defendant Schneider, which he contends support a conspiracy to "get rid of [him]."

A review of the Plaintiff Complaint reveals no allegations suggesting class-based discrimination. While he does cite to instances which may establish that the individual defendants did not like him, such allegations do not establish that the individual defendants were motivated by any class-based discrimination. Plaintiff's blanket allegation that the individual defendants conspired based on a "class-based invidiously discriminatory animus," in the absence of specific, factual allegations supporting this contention, is wholly insufficient to survive a motion to dismiss pursuant to Rule 12(b)(6). Because Plaintiff cannot show that he belongs to a class protected by Section 1985(3), and for the reasons stated in Defendant's motion and reply brief, his claim must be dismissed.

## C. Plaintiff's Civil Conspiracy Claim

Plaintiff contends that Defendants Schneider and Inman agreed to create a pretext that would justify the termination of his employment and that in losing his employment, Plaintiff was damaged. To state a claim for civil conspiracy, a plaintiff must allege facts in furtherance of the conspiracy. *Jones v. City of Greensboro*, 51 N.C. App. 571, 584 (1981). A claim for civil conspiracy requires showing "an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way that results in damages to the claimant." *Dalton v. Camp*, 135 N.C. App 32, 42 (1999).

While Plaintiff contends that he has cited numerous instances that show the individual defendants conspired to terminate his employment, Plaintiff has alleged no facts explaining how this conduct was unlawful. *See Shope v. Boyer*, 268 N.C. 401, 405 (1966) (A cause of action for civil conspiracy must sufficiently allege unlawful over acts in order to state a claim.); *Evans v. Star GMC Sales and Service, Inc.*, 268 N.C. 544 (1966) (affirming dismissal of plaintiff's conspiracy claim where plaintiff did not allege an agreement between two or more persons to commit an unlawful act or to do a lawful act in an unlawful manner). Even assuming Plaintiff can show that the individual defendants conspired to get him terminated, this – in and of itself – does not constitute an unlawful act. *See Combs & Associates, Inc. v. Kennedy*, 147 N.C. App. 362 (2001). While Plaintiff states that he has commenced discovery to "uncover the circumstances that underlay [the individual defendants] behavior" [Doc. No. 8 at 8], along with the reasons for his termination, mere speculation of wrong doing is insufficient to allege a cause of action for civil conspiracy. *Swain v. Elfland*, 145 N.C. App 383 (2001); *see also Fox v. Wilson*, 85 N.C. App. 292, 301 (1987). In short, Plaintiff's Complaint fails to allege any unlawful act by the individual defendants. For this reason and for the reasons stated in

Defendant's motion and reply brief, Plaintiff's conspiracy claim must be dismissed.

**D. Plaintiff's Defamation Claim**

In his Complaint, Plaintiff has alleged that [b]y speaking and/or writing and circulating malicious, untrue and damaging comments about his job performance, Defendants . . . defamed Plaintiff. [Doc. No. 1-1 ¶ 80]. To prevail on a defamation claim, a plaintiff must prove that the defendant "published" the defamatory statements to a third person. *Arnold v. Sharpe*, 296 N.C. 533 (1979); *West v. King's Dep't Store Inc.,* 321 N.C. 698, 703-04 (1988). In the employment context, agents and employees of a single employer are not considered third persons to the employer or to each other. *Satterfield v. McLellan Stores*, 215 N.C. 582 (1939).1 Therefore no publication occurs when statements are only communicated between officers, employees and agents of a single employer. In *Satterfield*, the North Carolina Supreme Court held there was no publication for defamation purposes when a company's manager and stenographer communicated regarding the plaintiff's misconduct. Because the manager and stenographer were agents and employees of the same employer, they were not "third persons within the contemplation of law with respect to publication of a libelous matter." *Id*. at 585.

Here, all of the communications cited in Plaintiff's response brief that relate to the Plaintiff and could conceivably support Plaintiff's defamation claim occurred between agents and employees of Defendant IIC. Indeed, all of the emails cited in Plaintiff's Complaint with respect to his defamation claim were between employees of IIC. In his response brief, Plaintiff has not argued or established that these alleged defamatory emails were otherwise published. Because

---

1 The Court is aware of the case of *White v. Trew,* 720 S.E. 2ed 713 (N.C. App. 2011), in which the North Carolina Court of Appeals held that statements contained in an employee's annual review that were subsequently shared with other management employees could constitute a published communication because the individual who read the communications were independent of the process by which the communications w[as] produced." However, such case was reversed by the North Carolina Supreme Court in January 25, 2013. *White v. Trew*, 2013 WL 285601 (Jan. 25, 2013). Therefore, the precedential value of the North Carolina Court of Appeals decision is questionable at best.

5

Plaintiff cannot demonstrate that any of the communications at issue were published to a third person, his defamation claim fails and is therefore dismissed.

### III. ORDER

The court has reviewed the Complaint and the filings of the parties and concludes that Defendant's Motion to Dismiss [Doc. No. 4] is GRANTED in part and DENIED in part. The motion is granted in that Plaintiff's defamation, conspiracy and § 1985 claims are dismissed. The motion requesting that the Complaint be dismissed as to Defendant Schneider for improper service is denied as premature.

**IT IS THEREFORE ORDERED** that:

(1) Defendants' Motion is Dismiss [Doc. No. 4] is Granted in part and Denied in part;

(2) Defendants' Motion is granted in that Plaintiff's defamation, conspiracy, and § 1983 claims (claims II, V and VI respectively) are dismissed;

(3) Defendants' Motion requesting that the Complaint be dismissed as to Defendant Schneider for improper service is denied as premature.

(4) Plaintiff's remaining claims (claims I, III, IV and VII) remain part of the Plaintiff's Complaint and are not addressed in this Order.

**SO ORDERED.**

Signed: February 11, 2013

Graham C. Mullen
United States District Judge